FILED
United States Court of Appeals
Tenth Circuit

March 18, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES RICKY EZELL, III,

    Petitioner - Appellant,

v.

JOE ALLBAUGH,

    Respondent - Appellee.

No. 18-5116
(D.C. No. 4:03-CV-00048-TCK-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

James Ricky Ezell, III, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's order construing his Fed. R. Civ. P.

60(b) motion as an unauthorized second or successive 28 U.S.C. § 2254 petition and

dismissing it for lack of jurisdiction.  We deny a COA and dismiss this matter.

Mr. Ezell was convicted after a jury trial in Oklahoma state court of (1) trafficking

in illegal drugs, (2) resisting an officer, and (3) public intoxication.  He was sentenced to

70 years' imprisonment on the first count, one year on the second, and 14 days on the

third.  On direct appeal, the Oklahoma Court of Criminal Appeals affirmed his

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions, but lowered his sentence on the drug trafficking count to 40 years' imprisonment due to ineffective assistance of counsel at sentencing-stage proceedings. In 2003, Mr. Ezell filed a federal habeas petition under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. The district court denied the petition and denied a COA. Mr. Ezell appealed the denial of his habeas petition, and this court denied a COA. *Ezell v. Mullin*, 201 F. App'x 599, 602 (10th Cir. 2006). In October 2018, Mr. Ezell filed the underlying motion styled as a "Renewed Request for Certificate of Appealability," again in the Northern District of Oklahoma, which the district court liberally construed as a purported Fed. R. Civ. P. 60(b) motion. The district court ultimately determined the motion was an unauthorized second or successive § 2254 petition and dismissed it for lack of jurisdiction.

Mr. Ezell now seeks a COA under 28 U.S.C. § 2253(c) to appeal from that dismissal. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed his petition on procedural grounds, to obtain a COA Mr. Ezell must demonstrate *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not reach the constitutional component of this standard since it is apparent Mr. Ezell cannot meet his burden on the procedural one. *See id.* at 485.

2

A Rule 60(b) motion should be treated as a second or successive § 2254 habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A prisoner may not file a second or successive § 2254 petition unless he first obtains authorization from this court. 28 U.S.C. § 2244(b)(3)(A). The district court lacks jurisdiction to address the merits of a second or successive § 2254 petition absent authorization. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his motion filed in district court, Mr. Ezell purportedly sought to "renew[] [his] request for a certificate of appealability" related to his prior § 2254 proceedings, R. at 229, though as the district court noted, "[t]he basis for [his] request is not entirely clear," *id.* at 249. Liberally construing the pleading, the district court found that the motion both (1) "reasserts previously rejected bases for relief from his underlying convictions"— claims presented in his first habeas petition related to the legality of his arrest and the jury selection process, *id.* at 252; and (2) "asserts a new basis for relief from those underlying convictions," *id.*— claiming his arrest was unlawful because the arresting officers were later allegedly implicated in engaging in evidence-tampering and giving false testimony, so it follows that in his case the officers "either planted the drugs found during [his] arrest or testified untruthfully at his suppression hearing," *id.* at 253. Because the motion "in substance . . . asserts or reasserts a federal basis for relief from [his] underlying conviction[s]," the district court construed it as a second habeas petition over which it lacked jurisdiction because Mr. Ezell had not obtained authorization from this court to file it. *Id.* (internal quotation marks omitted).

3

In his application for a COA to this court, Mr. Ezell does not explain how the district court erred in its procedural ruling construing his filing as an unauthorized second § 2254 petition. Instead, he argues the merits of his claim regarding newly discovered evidence that his arresting officers were corrupt, rendering his arrest unlawful. Mr. Ezell "assert[s] that the district court['s] recharacterization of his pleadings [i]s fundamentally unfair where the recharacterization . . . [was] for the purpose of unfair denial," COA App. at 6, which is a "[m]ere conclusory allegation" and "does not constitute adequate briefing," *MacArthur v. San Juan Cty.*, 495 F.3d 1157, 1160-61 (10th Cir. 2007) (internal quotation marks omitted). Because Mr. Ezell has not shown that jurists of reasons would debate whether the district court's procedural ruling was correct, we deny a COA and dismiss this matter.

Mr. Ezell has also filed a "Requested Stay of Proceedings COA," which we construed as a motion to abate this matter. In his motion, Mr. Ezell appears to request abatement pending his acquisition of state court transcripts and other documents he has been unable to obtain. Because these documents would not affect our decision to deny a certificate of appealability, we deny the motion to abate as moot.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4