FILED
United States Court of Appeals
Tenth Circuit

**January 21, 2009**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

STANLEY STEVEN BUCHANAN,

Defendant - Appellee.

No. 07-6144
(W.D. Okla.)
(D.Ct. No. 06-CR-182-C)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.[**]

_____

Stanley Steven Buchanan appeals from his conviction and sentence for possession

with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Specifically, Buchanan challenges the district court's denial of his motion to suppress

evidence and the length of his sentence. We AFFIRM.

**I. BACKGROUND**

On September 20, 2005, two plain-clothed Oklahoma City Police Department

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]Submitted on the briefs.

officers, Craig Engles and Roger Martinez, checked on a known informant's tip regarding the location of two stolen vehicles, a white 2003 Chevy Tahoe and an older brown pickup truck. The officers went to the address provided, an automobile shop, where they saw a white Chevy Tahoe up on blocks and an older brown pickup parked in an outside lot. Both vehicles appeared to be stripped. As the officers sat in their unmarked vehicle a few hundred yards away, they watched a black pickup driven by Buchanan pull into the lot between the two vehicles. Buchanan got out of his truck and began rummaging through various vehicle parts contained in the bed of the brown truck. Apparently noticing the presence of the officers, Buchanan got back in his truck. The officers pulled up and parked behind him, blocking his exit. As the officers approached Buchanan, they displayed their badges and identified themselves as police officers. At the same time, Buchanan got out of his truck leaving the door open. Officer Engles asked Buchanan if he had a driver's license and Buchanan said "No." (R. Appx. at 98.) He then asked if Buchanan's license was suspended and Buchanan responded, "Yes." (*Id.*)

In the meantime, Officer Martinez had checked the status of the brown truck and informed Engles it was stolen.[1] As Engles approached Buchanan to handcuff him, he glanced in Buchanan's truck and saw a "residue-coated methamphetamine pipe" sticking up out of the seat. (*Id.* at 100.) Officer Engles arrested Buchanan for driving with a suspended license and possession of drug paraphernalia and placed him on the tailgate of the officers' vehicle. The officers called for a marked police car to transport Buchanan to

---

[1] The Chevy Tahoe was not stolen.

2

jail and requested a wrecker to tow Buchanan's truck. While waiting for assistance to arrive, Engles searched the cab of Buchanan's truck. He found a bag behind the seat containing a baggie of marijuana, three baggies of methamphetamine, two small baggies of narcotic pills, a set of digital drug scales and a metal drug spoon. In an open briefcase on the passenger seat Engles found a semiautomatic pistol.

Indicted on four felony counts,[2] Buchanan moved to suppress the evidence found in his truck claiming he was arrested without probable cause and the search subsequent to his arrest was an unlawful inventory search. The district court denied his motion. Buchanan then pled guilty to one count of possession with intent to distribute methamphetamine in exchange for dismissal of the remaining charges. He reserved the right to appeal from the denial of his motion to suppress and did not waive other appeal rights. The district court accepted his plea and sentenced Buchanan to 84 months imprisonment followed by four years of supervised release.

## II. DISCUSSION

A. Motion to Suppress

In his motion to suppress, Buchanan claimed the arrest occurred at the moment the officers pulled their vehicle behind his truck, blocking his ability to exit the lot. Buchanan argued there was no probable cause to make an arrest at that point, rendering Engles' initial discovery of the methamphetamine pipe unlawful. Additionally, he

---

[2] One count was based on drugs found during a subsequent search of Buchanan's business. Because this count was dismissed as a result of his guilty plea, we do not address it here.

contended under Oklahoma law, the subsequent search of his truck was an invalid

inventory search because his truck was located on private property. The government

countered the initial stop was a valid *Terry* stop and Buchanan was legally arrested at the

point he was handcuffed by officer Engles. Therefore, the following searches were

lawful under the Fourth Amendment.

"When reviewing the denial of a motion to suppress, we view the evidence in the

light most favorable to the government, accept the district court's findings of fact unless

clearly erroneous, and review de novo the ultimate determination of reasonableness under

the Fourth Amendment." *United States v. Gambino-Zavala*, 539 F.3d 1221, 1225 (10th

Cir. 2008) (quotations omitted).

1. Initial Stop

We have recognized three types of police-citizen encounters: (1) consensual

encounters, (2) a brief, non-intrusive investigative stop pursuant to *Terry v. Ohio*, 392

U.S. 1 (1968) and: (3) detention by arrest. *See United States v. Lang*, 81 F.3d 955, 964-

65 (10th Cir. 1996)). Justification for a *Terry* stop is based on a reasonable, articulable

suspicion that criminal activity is afoot. *See United States v. Cortez*, 449 U.S. 411, 417-

18 (1981). The district court correctly rejected Buchanan's argument that the stop was an

arrest. It determined the officers performed a valid *Terry* stop when they blocked

Buchanan's truck from exiting the premises. Considering the totality of the

circumstances, the district court concluded the officers had reasonable, articulable

suspicion to detain Buchanan because: (1) the officers were acting pursuant to a tip from

4

a known and reliable informant; (2) the presence of the vehicles matching the description provided by the informant at the location identified corroborated the information; (3) the vehicles appeared to be stripped; (4) Buchanan's rummaging through the parts in the truck bed; and (5) his attempt to leave the scene when he noticed the officers' presence. We agree these facts collectively establish the officers' reasonable, articulable suspicion of criminal activity. Buchanan neither disputes these facts nor argues they do not meet the *Terry* requirements.[3]

Buchanan further argues Engles lacked probable cause to arrest him at the time he was handcuffed because there was no evidence supporting a reasonable belief Buchanan had committed a crime. Therefore, Engles' observation of the pipe in the truck during or following the handcuffing was an invalid search. As noted by the district court, Buchanan's admission he was driving on a suspended license was, in itself, sufficient to effect an arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.")

---

[3] Buchanan makes one cryptic reference in his brief wherein he states: "Defendant submits that when the officers first approached Defendant, he was subject of a *Terry* stop for all intents and purposes, and therefore be beyond the permissible scope of such a stop." (Appellant's Br. at 6-7.) Aside from the typographical error, this argument is incoherent.

2. Search of Buchanan's Truck

Buchanan argues the search following his arrest was an unlawful inventory search under Oklahoma law. He ignores, however, the actual basis for the court's ruling.[4] It correctly concluded the search was valid under federal law on two separate bases: (1) it was a valid search incident to arrest, *see United States v. Brothers*, 438 F.3d 1068, 1073 (10th Cir. 2006) (holding search incident to a lawful arrest rule applied when the search was conducted within a few minutes of the Defendant's lawful arrest and the defendant had not yet been removed from the scene); and (2) the officers had probable cause to believe the vehicle contained contraband or evidence. *See United States v. Ross*, 456 U.S. 798, 804-09, 825 (1982) (noting a search of a vehicle that is supported by probable cause is not unreasonable if based on facts justifying a warrant be issued, even though a warrant is not obtained)). Buchanan does not challenge the district court's accurate conclusions.

B. Sentencing

The presentence report (PSR) determined Buchanan's total offense level was 23 and his Criminal History Category was VI, resulting in a guidelines range of 92 to 115 months imprisonment. Buchanan made several objections to the PSR which were resolved at the sentencing hearing. Based on a prospective amendment to the guidelines, the district court granted Buchanan a downward departure under USSG §4A1.3 for over-representation of criminal history, resulting in a guidelines range of 84 to 105 months

---

[4] "A state-law violation does not . . . necessarily rise to the level of a federal constitutional violation." *United States v. Gonzales*, 535 F.3d 1174, 1182 (10th Cir.), *cert. denied*, —S.Ct.—, 2008 WL 4819972 (Dec. 8, 2008).

imprisonment.[5]  The district court sentenced Buchanan to 84 months.

Buchanan claims his sentence is substantively unreasonable.  He argues he "made a legitimate argument for a below-guidelines sentence" and, "in light of all circumstances, including [his] clear need and request for drug treatment [he] should have properly been sentenced to the minimum term allowable . . . . five years (60 months)."  (Appellant's Br. at 11-12.)

The Federal Rules of Appellate Procedure require the argument section of an appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(9)(A).  "Mere conclusory allegations with no citations to the record or any legal authority for support do not constitute adequate briefing."  *MacArthur v. San Juan County*, 495 F.3d 1157, 1161 (10th Cir. 2007) (quotations omitted). "Issues will be deemed waived if they are not adequately briefed."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (quotations omitted).  Buchanan offers no explanation why the district court's departure was insufficient.  He does not identify any specific errors and provides no citation to the record or law supporting his position.

"[W]here an appellant has provided defective briefs, the court in its discretion may

---

[5]  The district court applied the 2006 United States Sentencing Guidelines.  This version of the guidelines properly counted two of Buchanan's prior convictions separately.  However, under the 2007 version which would become effective five months after the date of Buchanan's sentencing, the convictions could properly be treated as one and would have reduced Buchanan's Criminal History Category by one level.  As a result, the court determined it would depart downward because Buchanan's actual criminal history was over-represented.

scrutinize the merits of the case insofar as the record permits." *MacArthur*, 495 F.3d at 1161 (quotations omitted).  A review of the sentencing transcript, provided by the government, evidences no reason to exercise our discretion to review this issue.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge