**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
––––––––––––––––––––––––––––––

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

HUGO VILLALOBOS-LOPEZ,

     Defendant-Appellant.

No. 10-1466
(D.Ct. No. 1:10-CR-00175-WYD-1)
(D. Colo.)

–––––––––––––––––––––––––––––––

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

     Appellant Hugo Villalobos-Lopez pled guilty to one count of unlawful re-entry of a previously removed alien subsequent to a felony conviction in violation

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him at the low end of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range to fifty-seven months imprisonment. Although Mr. Villalobos-Lopez appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion for permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On June 28, 2010, Mr. Villalobos-Lopez pled guilty to unlawful reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). In pleading guilty, Mr. Villalobos-Lopez acknowledged, in part, he: (1) is an illegal alien born in Mexico who was previously deported from the United States following an aggravated felony conviction for attempted sexual assault on a child and reentered without the legal consent of the United States; (2) understood his Constitutional rights and the rights he was waiving by not going to trial; (3) knew the maximum possible penalty for his crime was twenty years; (4) was aware the court would consider the advisory Guidelines in determining his sentence; and (5) acknowledged he entered his plea freely and voluntarily.

Mr. Villalobos-Lopez also stated he understood that by pleading guilty, he was agreeing to forgo his right to appellate review on the question of his guilt, but he could still seek appellate review of the sentence imposed, except for any policy disagreement with the Guidelines for illegal reentry or because no fast-track program exists in the District of Colorado. In addition, he acknowledged his criminal record included convictions for driving under the influence, first degree criminal trespass, third degree assault, and attempted sexual assault on a child.

Because Mr. Villalobos-Lopez was born in Mexico and cannot speak English, his plea documents, including his plea agreement and statement in advance of his guilty plea, were presented in both English and Spanish and a Spanish interpreter was provided during his plea hearing. At the plea hearing, the district court accepted his guilty plea.

Thereafter, a probation officer prepared a presentence report calculating his sentence under the applicable Guidelines, which resulted in a sentencing range of fifty-seven to seventy-one months imprisonment.[1] At sentencing, the district

---

[1] Neither counsel nor Mr. Villalobos-Lopez submitted a copy of the presentence report into the record for our review. Generally, "[w]hen the party asserting an issue fails to provide a record sufficient for considering that issue, [this] court may decline to consider it." 10th Cir. R. 10.3(B). However, in this

(continued...)

court imposed a sentence at the low end of the Guidelines range, for a sentence of fifty-seven months incarceration and three years supervised release.

Following Mr. Villalobos-Lopez's timely *pro se* notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining no meritorious issues exist on appeal. *See Anders*, 386 U.S. at 744. In support, counsel points out: (1) Mr. Villalobos-Lopez knowingly, voluntarily, and intelligently pled guilty with the assistance of a Spanish translator; (2) he was advised of his rights and the possible penalties for pleading guilty; (3) the district court sentenced him at the low end of the recommended Guidelines range; and (4) no grounds otherwise exist under Federal Rule of Criminal Procedure 35 for correcting or reducing his sentence.

Pursuant to the requirements in *Anders,* this court gave Mr. Villalobos-Lopez an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. On March 22, 2011, Mr. Villalobos-Lopez filed a response, stating in a few vague and cursory sentences that he: (1) sustained injuries in Mexico just prior to fleeing to the United States, as evidenced by an attached medical document

---

[1](...continued)
case, the absence of the presentence report in the record does not affect our disposition of Mr. Villalobos-Lopez's appeal, given neither he nor his counsel provides any argument contending his sentence was improperly calculated under the Guidelines or otherwise procedurally unreasonable.

written in Spanish, and because of those injuries, "fear[ed] that if I stayed in Mexico, I would be killed"; and (2) mistakenly believed, based on an attached document from the Department of Justice Immigration and Naturalization Service, that he "could freely enter and live in peace, in the United States." It is unclear from the record on appeal whether he presented either of these arguments or the attached documents to the district court. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* A review of the plea documents establishes Mr. Villalobos-Lopez waived his right to appeal his guilty plea and conviction and that even if his guilty plea is examined, it was voluntarily, knowingly, and intelligently entered, and his admissions as to the facts surrounding his illegal reentry support both his plea and conviction. In those facts, he admitted to illegally entering the country without permission, therefore making his claim on appeal that he mistakenly believed he could reenter this country entirely self-serving.

As to his sentence, we review it for procedural and substantive reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis

for challenging the sentence imposed. Neither Mr. Villalobos nor his counsel contend the district court improperly calculated his Guidelines range of fifty-seven to seventy-one months incarceration. Further, the district court sentenced him to fifty-seven months imprisonment, which was at the low end of the uncontested calculation of the advisory Guidelines range and entitled to a rebuttable presumption of reasonableness. *Id.*

Mr. Villalobos-Lopez has not rebutted this presumption with any nonfrivolous reason warranting a lower sentence. *Id.* Instead, he relies on cursory arguments and two documents which he fails to show were provided to the district court for its consideration. While we construe his *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we have held perfunctory or cursory references to issues, which are unaccompanied by some effort at developed argument, are inadequate to warrant consideration. *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002). Similarly, we generally will not address issues not supported by citation to legal authority. *See MacArthur v. San Juan County*, 495 F.3d 1157, 1160-61 (10th Cir 2007). In addition, "[w]e have repeatedly declined to allow parties to assert for the first time on appeal legal theories not raised before the district court, even when they fall under the same general rubric as an argument presented to the district court." *United States v. A.B.*, 529 F.3d 1275, 1279 n.4 (10th Cir. 2008). As a result, we

decline to consider his arguments or otherwise contemplate whether the district court had an opportunity to consider Mr. Villalobos-Lopez's circumstances regarding his medical condition and safety or his contention he entered this country legally as part of its consideration of the 18 U.S.C. § 3553(a) sentencing factors.[2]

## III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Villalobos-Lopez's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[2] While we decline to consider Mr. Villalobos-Lopez's cursory arguments, we note his allegations he was injured and/or feared for his safety in Mexico and that he mistakenly believed he legally entered the United States are, alone, insufficient grounds to rebut the substantive reasonableness of his sentence. This is because explicit factors, such as the serious nature of his offense, his characteristics and history, including his numerous other convictions, deterrence and respect for the law, as well as other considerations, are weighed in imposing a sentence under 18 U.S.C. § 3553(a). Alternatively, we also note 8 U.S.C. § 1326, regarding the criminal conduct of illegal reentry under which Mr. Villalobos-Lopez was convicted, requires no specific motive or intent, so that an alien's intent, motivation, or reasons for illegal entry into the country cannot serve as a basis for departure for the purpose of reducing a sentence. *See United States v. Hernandez-Baide*, 392 F.3d 1153, 1157-58 (10th Cir. 2004), *reinstated on remand*, 146 F.App'x 302 (10th Cir. 2005).