**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANNY LEE WARNER, JR.,

Plaintiff-Appellant,

v.

TOM PATTERSON, Ex. Director, for the Utah Department of Corrections, individually; SCOTT CARVER, former Ex. Director, for the Utah Department of Corrections, individually; STEVEN TURLEY, Warden at Utah State Prison, individually; CLINT FRIEL, former warden at the Utah State Prison, individually; COLLEEN GABBITAS, Deputy Warden, at Utah State Prison, individually; BELLE BROUGH, Division Operator at the Utah State Prison, individually; DAVID WORTHINGTON, Division Director at the Utah State Prison, individually; ROGER BURNETTE, Captain-Religious Services, at the Utah State Prison; JEFF KOEHLER, Lieutenant-Religious Services, at the Utah State Prison, individually; ANNA LEE CARLSON, Property Supervisor, at the Utah State Prison, individually; BILLIE CASPER, Grievance Coordinator, at the Utah State Prison, individually; TOM ANDERSON, Administrator, at the Utah State Prison, individually; CRAIG BALLS, Hearing Administrator, at Utah State Prison, individually,

Defendants-Appellees.

No. 12-4171
(D.C. No. 2:08-CV-00519-TC)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

Danny Lee Warner, Jr., proceeding pro se, attempts to appeal the district court's grant of summary judgment to defendants on certain claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-2(a). Exercising our jurisdiction under 28 U.S.C. § 1291, we conclude that Mr. Warner has not adequately briefed any challenge to the denials of the § 1983 claims, and we affirm those decisions. We dismiss the appeal of the RLUIPA claims as moot because Mr. Warner is no longer in the custody of the Utah Department of Corrections (UDOC).

### I. BACKGROUND

Mr. Warner practices Odinism, a religion based on Norse mythology that is also known as Asatru and Odhvegr. While incarcerated at the Utah State Prison, he unsuccessfully sought several accommodations to practice his religion, including

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

leave to possess a metal or wood thorshammer medallion, wood runes, a wood bowl, and an altar cloth. Citing security concerns, prison officials denied his various requests. He also was denied break-the-fast boxes (boxed meals for consumption after sunset) for an entire multi-week Odinist holiday period, and he was denied access to a publication due to a blanket ban on materials from the publisher.

After exhausting his administrative remedies, Mr. Warner brought suit, asserting under § 1983 that defendants had violated his First Amendment rights to free exercise of religion and free speech and his Fourteenth Amendment rights to equal protection and due process. He also brought claims under RLUIPA.

The district court granted defendants' motion for summary judgment on the majority of Mr. Warner's claims. It denied summary judgment as to claims that (1) the denial of fast-boxes violated the Fourteenth Amendment and RLUIPA, and (2) the ban on publications violated the First Amendment and RLUIPA.

Mr. Warner then filed a motion for summary judgment on the surviving claims, which the district court granted in part. The court declared that the defendants who denied the request for fast-boxes and banned the publications had violated Mr. Warner's constitutional rights and RLUIPA, and that relief was appropriate only as to those defendants. It awarded nominal damages on the constitutional claims, but it denied injunctive relief because Mr. Warner had left UDOC's custody during the litigation.

Mr. Warner now appeals the summary judgment in favor of defendants.

## II. **DISCUSSION**

"This court reviews an award of summary judgment *de novo*, viewing the record in the light most favorable to the non-moving party." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (quotation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We construe pro se filings liberally but do not "assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure "requires the argument section [of an appellant's brief] to contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1160 (10th Cir. 2007) (quotation omitted). "This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and quotation omitted). "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen,* 500 F.3d 1099, 1104 (10th Cir. 2007). It is also "indisputably within our power as a court to dismiss an appeal when the appellant has failed to abide by the rules of appellate procedure." *MacArthur*, 495 F.3d at 1161; *see also Reedy v. Werholtz*,

660 F.3d 1270, 1274 (10th Cir. 2011) ("[S]ome issues raised below are not mentioned in the opening brief, much less argued, and are therefore abandoned."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) (applying waiver rule where appellant's bare assertion of the existence of a dispute of material fact was unsupported by "citation to authority or the record," and stating, "[a]rguments inadequately briefed in the opening brief are waived"). This principle extends to arguments that an appellant makes for the first time in a reply brief. *See Reedy*, 660 F.3d at 1274 ("The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." (brackets and quotation omitted)). "This court has not hesitated to apply [the] waiver rule[s] to prisoner litigants, even to prisoners who proceed pro se and therefore are entitled to liberal construction of their filings." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (citation omitted).

Consistent with these principles, we first determine what issues Mr. Warner's opening brief preserves for appellate review. The brief challenges the denial of (1) the thorshammer medallions, (2) wood runes, (3) a wood bowl, (4) other ritual items including an altar cloth, and (5) group worship.[1] As to the § 1983 claims, the brief only mentions the First Amendment without any supporting discussion, which is

[1] A sixth issue purports to incorporate "[a]ll other issues raised in the suit but not specifically addressed herein." Aplt. Br. at 3A. Such assertions do not preserve issues for appellate review. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623-24 (10th Cir. 1998) (stating that incorporation by reference of district court materials is not acceptable appellate argument).

insufficient to merit review of the § 1983 free exercise claims. Similarly, although the brief mentions the Fourteenth Amendment, it makes no argument regarding due process or equal protection, thereby waiving review of those § 1983 claims as well.

That leaves the RLUIPA claims. Although the discussion is terse, the brief does cite legal authorities regarding RLUIPA. Giving Mr. Warner the benefit of liberal construction, we conclude that he has preserved review of the RLUIPA claims.

As for those claims, however, we must consider whether Mr. Warner's departure from UDOC custody has mooted this appeal. "Although neither party challenges our appellate jurisdiction, we have an independent duty to examine our own jurisdiction." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001). "We have no subject-matter jurisdiction if a case is moot." *Rio Grande Silvery Minnow v. Bur. of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Abdulhaseeb*, 600 F.3d at 1311 (quotation omitted).

The only relief available to Mr. Warner under RLUIPA is declaratory and injunctive relief against defendants in their official capacities. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011) ("States, in accepting federal funding, do not

consent to waive their sovereign immunity to private suits for money damages under RLUIPA . . . ."); *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012) ("[T]here is no cause of action under RLUIPA for individual-capacity claims."). A prisoner's release from or transfer out of a prison system generally moots claims for declaratory and injunctive relief for claims concerning conditions in that system. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (release on parole); *Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (transfer from state custody to federal custody); *see also Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) (transfer between prisons moots claims for declaratory and injunctive relief against officials at former prison); *Abdulhaseeb*, 600 F.3d at 1311 (same).

Mr. Warner is no longer in UDOC custody. Declaratory and injunctive relief therefore cannot affect defendants' treatment of him. *See Jordan*, 654 F.3d at 1027, 1030; *Green*, 108 F.3d at 1300; *cf. Abdulhaseeb*, 600 F.3d at 1312 (noting that the prisoner had been transferred between prisons, but he still remained in the custody of the state department of corrections).

"There is an exception to the mootness doctrine . . . where the underlying dispute is capable of repetition, yet evading review." *Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) (quotation omitted). "This exception applies if: (1) the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining

party will be subjected to the same action again." *Id.* (brackets and quotation omitted); *see also McAlpine*, 187 F.3d at 1216.

These requirements are not satisfied. Assuming that Mr. Warner will be returned to the Utah State Prison,[2] he may not face the same UDOC policies regarding the possession of religious materials. But even if Mr. Warner is returned to the same conditions, there is no indication that the duration of such placement would be too short to allow his complaints to be litigated then. *See McAlpine*, 187 F.3d at 1217 (stating that prisoner failed to demonstrate that there would be insufficient time for a court to review his religion claims if he were returned to the facility); *see also Rendelman v. Rouse*, 569 F.3d 182, 187 (4th Cir. 2009) (noting that if prisoner were returned to state custody, "he would have sufficient opportunity to reinitiate an action seeking injunctive relief").

## III. **CONCLUSION**

The district court's judgment in favor of the defendants on the § 1983 claims is affirmed due to insufficient briefing. The appeal concerning the RLUIPA claims is dismissed as moot. The district court's judgment concerning the RLUIPA claims is vacated, and we remand for the district court to dismiss the RLUIPA claims for lack

[2] In response to defendants' suggestion that his claims for injunctive relief were moot, Mr. Warner submitted a letter from the Utah State Board of Pardons and Parole stating that after federal charges proceeded against him, he would "be returned to the State of Utah and subject to the routine Parole Violation process." R. Vol. 4 at 21.

of jurisdiction.[3] Mr. Warner's motion to proceed without prepayment of costs or fees is granted.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge

---

[3] Vacatur and dismissal is the appropriate remedy whether a case becomes moot on appeal or was moot while before the district court. *See Rio Grande Silvery Minnow*, 601 F.3d at 1128 n.19 ("When a case becomes moot prior to final adjudication, the district court was without jurisdiction to enter the judgment, and *vacatur* and dismissal of the judgment is automatic." (brackets and quotation omitted); *Wyoming v. U.S. Dep't of Interior*, 587 F.3d 1245, 1254 (10th Cir. 2009) ("When a case becomes moot while on appeal, our general practice is to vacate the district court judgment and remand with instructions to dismiss the case for lack of jurisdiction.").

Mr. Warner was in federal custody by the time that the district court partially granted his motion for summary judgment. The RLUIPA claims became moot even before the entry of final judgment in the district court, requiring vacatur and dismissal of the judgment on those claims.