FILED
United States Court of Appeals
Tenth Circuit

February 22, 2019

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ROB ALLEN PATTERSON,

    Plaintiff - Appellant,

v.

JEFFERSON COUNTY COMBINED
COURT; JUDGE WOODFORD; JUDGE
MOORE; JUDGE MCNULTY;
OFFICERS OF THE COURT;
JEFFERSON COUNTY DISTRICT
ATTORNEYS; JEFFERSON COUNTY
PUBLIC DEFENDERS; JEFFERSON
COUNTY SHERIFF'S OFFICE;
EDGEWATER COLORADO POLICE
DEPARTMENT; LAKEWOOD
COLORADO POLICE DEPARTMENT;
EDGEWATER COLORADO CITY
COUNSEL; LUTHERAN HOSPITAL;
CORRECTIONAL CARE SERVICES,

    Defendants - Appellees.

No. 18-1438
(D.C. No. 1:17-CV-02380-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

_____

## I.  BACKGROUND

Rob Allen Patterson, appearing pro se,[1] is serving a state sentence in Colorado. During his pretrial detention, he filed a 91-page complaint in federal court against 13 defendants under 42 U.S.C. § 1983.  Finding the complaint insufficiently pled, a magistrate judge ordered him to file an amended complaint.  Instead, he filed numerous premature motions asking, among other things, for discovery and summary judgment. He also submitted letters complaining of jail conditions.

Mr. Patterson finally filed two amended complaints, but the magistrate judge again found them to be deficient and gave Mr. Patterson one more chance to file a compliant complaint.  He never did.  Instead, he filed more motions and submitted objections about the magistrate judge.

On February 15, 2018, the district court (1) dismissed the case for failure to file a complaint that complied with Federal Rule of Civil Procedure 8 and (2) entered judgment.

_____

[1] Because Mr. Patterson is pro se, we liberally construe his filings but do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

On September 24, 2018, Mr. Patterson moved for an order that legal mail logs be kept,[2] and on October 5, 2018, he filed moved for a certificate of appealability.

October 10, 2018, in a minute order, the district court denied these motions as moot and warned that additional filings would be stricken because the case was closed.

On November 1, 2018, Mr. Patterson sent to this court a 97-page document that we construe to be a misdirected notice of appeal.

## II. DISCUSSION

### A. *Scope of Appeal*

Under Federal Rules of Appellate Procedure 4(a)(1)(A) (notice of appeal in a civil case must be filed within 30 days after entry or judgment or order appealed from) and 26(a)(3) (deadline extended to first accessible day after a weekend or holiday), Mr. Patterson's notice of appeal from the judgment was due by March 19, 2018.[3] He therefore did not file a timely notice of appeal from judgment.

Under Rule 4(a)(1)(A), the misdirected notice of appeal is timely only as to the October 10, 2018 minute order striking the post-judgment motions. Although Mr.

---

[2] Also on September 24, 2018, Mr. Patterson filed a "Pro Se Writ of Habeas Corpus." The district court docket reflects that this filing was accepted as a "notice" and does not indicate that any action was taken on it.

[3] The district court docket shows a letter from Mr. Patterson was received on February 15, 2018, but the letter was mailed before the judgment was entered and could not be construed as a notice of appeal.

Patterson appears to seek review of the dismissal of his case, we have appellate jurisdiction only over the October 10, 2018 order.

## B. *Analysis*

### 1. **Opening Brief**

Mr. Patterson has filed a 33-page handwritten brief on appeal. It lists 19 claims that appear to correspond to his amended complaint, along with comments, statutes, and cases. It alleges facts on numerous matters associated with his claims. The brief does not, however, address whether the district court erred when it entered its October 10, 2018 order denying his post-judgment motions.

An appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cnty. of Denver,* 784 F.3d 1364, 1366 (10th Cir. 2015). His failure to explain why the district court's order was wrong waives any argument for reversal. *See Utah Envtl. Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court.").

Mr. Patterson's failure to address the October 10, 2018 minute order on appeal waives any argument he may have had before this court because, as previously explained, our appellate jurisdiction is limited to review of that order.

2. **Supplemental Brief**

On February 20, 2019, Mr. Patterson filed a 110-page document titled "Evidence in Support of Bad Faith Judge." We construe it as a supplemental brief. About half of the pages are a copy of a brief filed on his behalf in *People v. Patterson*, Case No. 18CV31090, in the Jefferson County District Court for the State of Colorado, and dated December 19, 2018. The rest consists of handwritten pages and overlaps with his opening brief. This filing does not salvage Mr. Patterson's appeal.

The Federal Rules of Appellate Procedure do not provide for filing a supplemental brief, Mr. Patterson has not moved to file one, and this court has not ordered or authorized one. Under these circumstances, we need not consider Mr. Patterson's supplemental brief. But even if we did, the brief is inadequately argued.

Like the opening brief, the supplemental brief does not initially appear to address the order at issue on this appeal. But buried on pages 53-54 is the following:

> All claims filed, all writs filed, all my appeals filed <u>denied</u> by Judge Babcock U.S.D.C. not on no merit, or no evidence but on format & dates, yet court itself is part of the Denial of Justice. Court denys forms and refused 14 motions for court ordered legal mail logs to prove mailings "not even a hearing on Facts of Stolen, opened & destroyed legal mail" The package mails to USDC with opened held 34 days mail" USDC refuses to give hearing on 100% proof of theft of US Federal legal mail. Corroption at the highest level proven.

This passage appears to refer to the motion about mail logs that was denied in the district court's October 10, 2018 order, but it fails to present an understandable or developed argument as to why the order may have been in error.

Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure "requires the argument section [of an appellant's brief] to contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1160 (10th Cir. 2007) (quotations omitted). "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). It is "indisputably within our power as a court to dismiss an appeal when the appellant has failed to abide by the rules of appellate procedure." *MacArthur*, 495 F.3d at 1161.

We have also stated, "Arguments not clearly made in a party's opening brief are deemed waived." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Eureka Water Co. v. Nestle Waters N. Am., Inc.*, 690 F.3d 1139, 1155 (10th Cir. 2012) (concluding a theory advanced by appellant was forfeited because "this contention is not stated sufficiently clearly in Eureka's opening brief on cross-appeal to preserve the issue").

The arguments in Mr. Patterson's supplemental brief that may refer to the October 10, 2018 order are not clearly made and are not adequately presented. They provide no basis for this court to provide appellate relief.

### III. **CONCLUSION**

We lack jurisdiction to review the dismissal of Mr. Patterson's case. We affirm the district court's order of October 10, 2018.  We deny Mr. Patterson's motion to appoint counsel and we deny his motion to proceed *in forma pauperis* without prepayment of the appellate filing fee and order immediate payment of the unpaid balance due.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge