**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN MACARTHUR; MICHELLE
LYMAN; HELEN VALDEZ,

      Plaintiffs - Appellants,

      and

NATHANIEL PENN; CANDACE
LAWS; PAUL KEITH; DOROTHY
KEITH; LINDA CACAPARDO; SUE
BURTON; AMY TERLAAK; ALISON
DICKSON; CANDACE HOLIDAY;
NICOLE ROBERTS; DONNA
SINGER; FRED RIGGS,

      Plaintiffs,

v.

SAN JUAN COUNTY; SAN JUAN
HEALTH SERVICES DISTRICT; J.
TYRON LEWIS, Commissioner; BILL
REDD, Commissioner; CRAIG
HALLS; REID M. WOOD; CLEAL
BRADFORD; ROGER ATCITTY;
JOHN LEWIS; JOHN
HOUSEKEEPER; KAREN ADAMS;
PATSY SHUMWAY; JAMES D.
REDD; L. VAL JONES; MANFRED
R. NELSON; RICHARD BAILEY;
MARILEE BAILEY; ORA LEE
BLACK; GARY HOLLADAY; LORI
WALLACE, also known as Laurie
Walker; CARLA GRIMSHAW;
GLORIA YANITO; JULIE

No. 05-4317

BRONSON; LAURIE SCHAFER; LYN STEVENS, San Juan County Commissioner,

Defendants - Appellees.

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH (D.C. No. 2:00-CV-584-BSJ)**

Susan Rose, Sandy, Utah, for Plaintiffs - Appellants.

Carolyn Cox (and Blaine J. Benard, on the brief), Holme, Roberts & Owen, L.L.P., Salt Lake City, Utah, for Defendant - Appellee San Juan Health Services District.

Robert R. Harrison, Snow, Christensen & Martineau, Salt Lake City, Utah, for Defendants - Appellees.

Jesse Trentadue, (Michael W. Homer and Thomas B. Price), Salt Lake City, Utah, for Defendant - Appellee San Juan County.

Before **KELLY**, **EBEL**, and **McCONNEL**L, Circuit Judges.

**KELLY**, Circuit Judge.

Plaintiffs-Appellants Michelle Lyman and Helen Valdez ("Plaintiffs") appeal the dismissal of eighteen claims brought against Defendants-Appellees San Juan County, San Juan Health Services District ("SJHSD"), and numerous employees of those entities. The district court held a pretrial conference,

- 2 -

pursuant to Fed. R. Civ. P. 16, and dismissed the majority of these claims with prejudice; it declined to exercise jurisdiction over the remaining state-law claims, dismissing them without prejudice. Our jurisdiction arises under 28 U.S.C. § 1291, and we dismiss the appeal as frivolous.

## Background

Mrs. Lyman is a licensed physician's assistant who worked under the supervision of various SJHSD physicians beginning in 1995.[1] After leaving Dr. James Redd's supervision in October 1998, Mrs. Lyman claims she began to experience difficulty exercising her staff privileges at SJHSD facilities.[2] In December 1999, she requested a renewal of her privileges, but her request was delayed, ostensibly due to missing CPR certification cards in her file. She provided copies of the cards, but she asserts that the dates on the cards had been altered. Mrs. Lyman alleges a multitude of claims relating to her request to renew her privileges as well as the harassment and discrimination she allegedly suffered at the hands of Dr. Redd and SJHSD staff.

Mrs. Valdez asserts claims of discriminatory treatment arising from her visit to the San Juan Hospital emergency room on April 14, 1999. Shortly after

---

[1] Pursuant to Utah law, a physician's assistant may only practice medicine under the supervision of a licensed physician. See Utah Code Ann. § 58-70a-501.

[2] Dr. Redd became SJHSD medical staff director in early 1999.

her arrival, Mrs. Valdez overheard Defendant Lori Wallace, an emergency room nurse, tell the clerk that she would arrange for Mrs. Valdez to be seen by a physician. Mrs. Valdez then went to the restroom, and when she returned, her sister-in-law reported having overheard Ms. Wallace tell the clerk that Mrs. Valdez should go to her doctor's office, which would be opening soon. Although no SJHSD employee said this directly to Mrs. Valdez or her sister-in-law, Mrs. Valdez decided to leave the emergency room without having been seen by a doctor. She brought claims seeking $350,000 to compensate for "the badge of inferiority she was made to wear as she left the facility she had sought help from, not being able to see the provider of her choice, [and] not being able to feel as though she could return to a facility in Monticello for fear of L[ori] Wallace." R. Doc. 742, at 17 (quoting Am. Compl. at 92-93).

At a pretrial conference held on November 14-15, 2002, the district court dismissed sixteen of the Plaintiffs' claims due to pleading deficiencies and an utter lack of factual support in the record.[3] The Plaintiffs subsequently filed

---

[3] The district court dismissed the following claims for pleading deficiencies: (1) civil Racketeer Influenced Corrupt Organizations (RICO) Act claims; (2) Freedom of Access to Clinic Entrances (FACE) Act claims; (3) Health Care Quality Improvement Act (HCQIA) claims; (4) Medicare Patient Bill of Rights claims; (5) 42 U.S.C. § 1981 claims; (6) 42 U.S.C. § 1985 claims; (7) Utah constitutional claims; (8) Utah Unfair Practices Act claims; (9) Utah Civil Rights Act claims; (10) Utah contract law claims; (11) Health Insurance Portability and Accountability Act (HIPAA) claims; (12) claims under Utah law for negligent infliction of emotional distress; and (13) fraud claims under Utah law. It further
(continued...)

several motions for reconsideration, which the district court denied. In June 2005, the court filed a 192-page order memorializing its rationale and granting the Plaintiffs' motion to file an amended complaint nunc pro tunc.

## Discussion

Mrs. Lyman and Mrs. Valdez argue on appeal that (1) the district court's judgment was procured by fraud entitling them to an entry of judgment by this court, (2) the district court abused its discretion in dismissing their claims relying on law arising after its oral ruling, and (3) the defendants waived qualified immunity by failing to raise it early in this litigation. The Defendants, understandably upset about the quality of the arguments to which they must respond, ask us to dismiss this appeal because the issues have not been adequately presented. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim."). We choose instead to dismiss because the Plaintiffs'

---

[3](...continued)
held that the Plaintiffs' federal antitrust claims were barred by statutory immunity and that the facts in the record could not support their 42 U.S.C. § 1983 claims as a matter of law. Finally, the court recognized that the Plaintiffs had moved to dismiss the Emergency Medical Treatment and Active Labor Act (EMTALA) claims; in any case, the court held that these claims could not succeed on the merits given the facts in the record. Accordingly, the court dismissed these claims with prejudice. The court also held that several state-law claims had been sufficiently pled, but it declined to exercise supplemental jurisdiction over these claims and dismissed them without prejudice.

contentions are frivolous.

I.

The rules of appellate procedure are designed to facilitate efficient appellate review by allowing one's adversary to respond to focused argument supported by authority. The adversarial process cannot properly function when one party ignores its obligations under the rules. Here, the Defendants have expended significant amounts of time and money responding to prolix pleadings and frivolous contentions. The district court and two panels of this court have been forced to wade through a swamp of incoherent arguments in hope of accomplishing a merits review. All of this wasted effort could have been avoided if Plaintiffs' counsel had followed the relevant rules of procedure.

Sadly, vague and conclusory court filings are nothing new for these litigants. The district court criticized Plaintiffs' counsel for "shuffling each plaintiff's factual allegations and legal assertions together as one would a deck of playing cards, sacrificing narrative sequence in favor of argumentative characterizations and conclusory assertions." R. Doc. 742, at 179. It also noted that some of the allegations raised "serious concerns under Fed. R. Civ. P. 11." Id. at 46 n.40. In a prior related appeal before this court, we noted the "profound lack of clarity" in the brief and catalogued its other deficiencies. See MacArthur v. San Juan County, 309 F.3d 1216, 1218 (10th Cir. 2002). The clerk has also "caution[ed] [Plaintiffs' counsel] to take better care in drafting her pleadings" in

response to deficient filings in this appeal.

Despite these warnings, counsel has persisted in ignoring the rules of appellate procedure. For example, Fed. R. App. P. 28(a)(6) requires the brief to include "a statement of the case briefly indicating the nature of the case, the course of proceedings, and the disposition below." The statement here fails in all respects. <u>See</u> Aplt. Br. at 3-5. It does not mention a single one of the Plaintiffs' eighteen causes of action, instead reciting a rambling list of factual assertions. It does not discuss the proceedings below, nor does it describe the district court's resolution of the case.

Pursuant to Fed. R. App. P. 28(a)(7), the brief must include "a statement of facts <u>relevant to the issues submitted for review</u> with appropriate references to the record . . . ." (emphasis added). Rather than concentrating on the issues noted above, the Plaintiffs offer a flood of factual allegations relevant only to the merits of the underlying case. Indeed, they have included no facts whatsoever relating to the second and third issues presented. This is simply not adequate.

Similarly, the Plaintiffs have failed to heed Fed. R. App. P. 28(a)(9)(A), which requires the argument section to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." The opening brief cites only three cases. The abuse of discretion section does not contain a single case citation, and the qualified immunity section does not cite a single case relevant to the underlying argument.

"[M]ere conclusory allegations with no citations to the record or any legal authority for support" does not constitute adequate briefing.  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005).

Finally, Fed. R. App. P. 28(a)(9)(B) requires an appellant's brief to include "for each issue, a concise statement of the applicable standard of review . . . ." The words "standard of review" do not appear anywhere in the Plaintiffs' briefs. The omission of such a basic component of an appellate brief is inexcusable.

It is indisputably within our power as a court to dismiss an appeal when the appellant has failed to abide by the rules of appellate procedure, and any one of the inadequacies we have catalogued is sufficiently egregious to justify doing so.[4] See, e.g., Fryar v. Curtis, 485 F.3d 179, 182 n.1 (1st Cir. 2007); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 133 (2d Cir. 2004); Anderson v. Hardman, 241 F.3d 544, 545-46 (7th Cir. 2001).  However, "[w]here an appellant has provided defective briefs, the court in its discretion may scrutinize the merits of the case insofar as the record permits . . . ."  Fryar, 485 F.3d at 182 n.1 (internal

_____

[4] We also note that the Plaintiffs' briefs are replete with errors of spelling and grammar, and the prose is often incomprehensible.  See, e.g., Aplt. Br. at 7 ("The biggest piece of evidence that the Plaintiffs are correct in that State and Federal government has not legislatively granted authority to the District to limit license authorities, beyond determining if the person is licensed and in good standing with a reputable background, is the simple fact that the District could not just say no, you can't have them."); id. at 19 ("The Deposition of Mrs. Lyman, reflecting patients reports to her of being afraid of being in a life threatening way, and Dr. Redd telling them they can't use District facilities.").

quotation marks and alterations omitted). Here, in spite of numerous violations of the appellate rules, we understand enough about the Plaintiffs' arguments to conclude that they are meritless. Accordingly, we decline to dismiss for failure to abide by the rules of appellate procedure.

II.

There is a difference, however, between understanding the Plaintiffs' arguments and judging them worthy of a full merits review. We have long recognized our "inherent authority" to dismiss an appeal presenting "no arguably meritorious issue for our consideration." United States v. Hahn, 359 F.3d 1315, 1329 n.15 (10th Cir. 2004) (en banc) (per curiam). Here, all three of the Plaintiffs' arguments are frivolous; accordingly, we dismiss their appeal.

The Plaintiffs first argue that the district court's written order is void due to fraud on the court. A litigant seeking to establish fraud on the court must prove that the district court relied on fraudulent statements in rendering its decision. See Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005). Here, the district court dismissed the Plaintiffs' claims due to pleading deficiencies, and this decision was wholly independent of any allegedly fraudulent merits arguments made by defense counsel. Furthermore, a litigant may not raise a fraud on the court argument for the first time on appeal; rather, the issue must first be presented to the court in which the alleged fraud was perpetrated. Taft v. Donellan Jerome, Inc., 407 F.2d 807, 809 (7th Cir. 1969); see also Indian Head

Nat. Bank of Nashua v. Brunelle, 689 F.2d 245, 249-52 (1st Cir. 1982) (discussing two narrow exceptions to this general rule). We find no indication in the record that the Plaintiffs raised a fraud on the court claim in the district court, dooming their argument to failure.

The Plaintiffs next argue that the district court abused its discretion in dismissing their claims. Rule 16(c) clearly permits the district court to dismiss claims that do not present a genuine issue for trial at the pretrial conference. See Chavez v. Ill. State Police, 251 F.3d 612, 654 (7th Cir. 2001); see also 6A Charles Alan Wright et al., Federal Practice & Procedure § 1529, at 301 (2d ed. 1990). Moreover, the two sentences (with no legal citations) devoted to this issue are utterly insufficient to trigger a merits review. See Craven v. Univ. of Colo. Hosp. Auth., 260 F.3d 1218, 1226 (10th Cir. 2001) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ."). In other words, this argument is also frivolous.

Finally, the Plaintiffs argue that the Defendants have waived qualified immunity by failing to plead or otherwise assert it early in the litigation. We have consistently held, however, that "qualified immunity can be raised at any time and a district court may enter . . . judgment on that ground at any point before trial at which it is appropriate." Langley v. Adams County, 987 F.2d 1473, 1481 n.3 (10th Cir. 1993) (internal quotation marks omitted). The Plaintiffs' argument to the contrary–presented in four sentences without the support of any

relevant authority and without any reasoned argument for a departure from our long-standing precedent–is frivolous.

DISMISSED.