**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SPORTSMANS WAREHOUSE, INC.,

     Plaintiff-Appellee,

v.

STEPHEN C. LEBLANC,

     Defendant-Cross-Claimant-
     Appellee,

v.

STEVEN GEORGE FAIR,

     Defendant-
     Cross-Defendant-Appellant.

No. 08-1314
(D.C. No. 07-cv-01271-WDM-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Sportsman's Warehouse filed a declaratory judgment action in the district

court seeking a declaration that it did not infringe Steven G. Fair's copyrights by

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

displaying a bronze elk sculpture designed by Stephen C. LeBlanc, who was also named as a defendant.  Sportsmans Warehouse, Inc. v. Fair, 576 F. Supp. 2d 1175, 1180 (D. Colo. 2008).  The district court modified and accepted the report and recommendation of a magistrate judge, granted summary judgment in favor of Sportsman's Warehouse and LeBlanc, and issued a declaratory judgment of non-infringement.  Id. at 1187.  Because Fair's allegations on appeal are vague, conclusory, and devoid of explanation and support, we do not reach the merits of his claims.  Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal.

On appeal, Fair appears to raise several challenges.  Many of these challenges are unintelligible and unrelated to this appeal.[1]  Liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we distill the following potentially relevant allegations of error in his opening brief:  (1) the district court should have applied the Copyright Act of 1976 rather than the Copyright Act as amended in 1989; (2) the district court erred by relying on photographs rather than bringing the sculptures themselves into court; (3) the district court made erroneous factual findings; (4) the district court prohibited Fair from obtaining

_____

[1] For instance, Fair asks this court to remedy the district court's "criminal conversion of the Capacity, Character, and Identity of Steven George Fair in fallacious conversion of his Covenant Endowed Person constitutionally secured," to try "the action in Common Law, the Ordinance for the territory North West of the River Ohio A.D. 1787," and to revisit Georgia v. Stanton, 73 U.S. 50 (1867).  Ultimately, the majority of Fair's briefing asserts historical breaches of the separation of powers and sovereignty of the individual.

discovery of "rebuttal facts"; (5) the district court should have permitted testimony by an expert witness; and (6) LeBlanc cannot obtain a declaratory judgment of non-infringement because his sculptures are not copyrighted.

The Federal Rules of Appellate Procedure require that the argument section of a brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). "[M]ere conclusory allegations with no citations to the record or any legal authority for support does not constitute adequate briefing," MacArthur v. San Juan County, 495 F.3d 1157, 1160-61 (10th Cir. 2007) (quotation omitted), and we may deem an issue waived if it is not adequately briefed, Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005). Although Fair is pro se, we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," id. at 840 (quotation omitted); if they do not, "we cannot fill the void by crafting arguments and performing the necessary legal research," id. at 841 (quotation omitted). Fair's opening brief flouts these basic principles of appellate procedure. The sections of Fair's brief dedicated to contesting the grant of summary judgment and discussing the issues listed above consist of vague and conclusory allegations entirely devoid of support or explanation. Some portions are incomprehensible. Thus, because Fair has failed to comply with the Federal Rules of Appellate Procedure, we do not reach the merits of his claims on appeal. See MacArthur,

- 3 -

495 F.3d at 1161 ("It is indisputably within our power as a court to dismiss an appeal when the appellant has failed to abide by the rules of appellate procedure . . . .").

For the foregoing reasons, we **DISMISS** the appeal. We **DENY** Fair's motion to proceed in forma pauperis on appeal, and we **DENY AS MOOT** his "objection to misprision contempt against the sovereign re: Order of Henry, 09-03-2008," which we construe as a motion to reconsider denial of appointment of counsel.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge