*1174 BRISCOE, Circuit Judge,
concurring in part and dissenting in part.
I concur in part and dissent in part. Although I agree with much of the majority opinion, I respectfully disagree with its decision to remand for further proceedings the question of whether an informal pass-through agreement existed between Mohawk and Viking. At no point during the district court proceedings did Mohawk mention any such pass-through agreement. It is beyond too late for Mohawk to now make this claim. On remand, I would therefore limit Mohawk’s claims to only damages it allegedly incurred, and would not permit Mohawk to pursue damages allegedly incurred by Viking.
What follows are the relevant portions of the district court pleadings regarding the question of whether Mohawk had any authority to recover on behalf of Viking: On April 25, 2007, the district court issued its pretrial order which outlined, in pertinent part, the parties’ factual contentions and legal theories. Absent from that order was any mention by Mohawk of Viking, Viking’s damages, or any agreement between Mohawk and Viking allowing Mohawk to seek damages incurred by Viking. On April 30, 2007, Law moved for summary judgment “on both its own claim for declaratory judgment and on [Mohawk’s] counterclaims.” App. at 83A. In the brief in support of its motion for summary judgment, Law expressly argued that Mohawk could not properly pursue damages incurred by Viking. Id. at 109A-111A. Mohawk, in a section of its opposition brief entitled “Mohawk’s Statement of Facts,” conceded that “[a] portion of [its] claim against Law in this action [wa]s related to additional costs and expenses incurred by ... Viking.” Id. at 434A. Mohawk proceeded to allege, in that same “Statement of Facts” section, that (a) Viking “ha[d] no contractual privity to file a legal action against” Law, (b) Viking “ha[d] notified Mohawk of its claims and ha[d] chosen to wait for payment from Mohawk pending a resolution of Mohawk’s claim against Law,” and (c) “Mohawk intended] upon passing down to Viking a certain portion of any proceeds recovered from Law.” Id. at 435A. In the ensuing “Argument” section of its brief, Mohawk simply repeated these allegations and stopped. It cited no cases and neither mentioned nor attempted to apply to the facts it had alleged any legal principles, particularly the concept of “pass-through” agreements.
In light of Mohawk’s untimely concession that some of the damages at issue had actually been incurred by Viking, as well as its paltry response to Law’s legal arguments as to why it could not recover on behalf of Viking, I cannot fault the district court for granting summary judgment in favor of Law on this issue. To now reverse the district court’s ruling on this issue, based upon Mohawk’s newly asserted arguments and authorities, is unfair to both the district court and Law, and flies in the face of general litigation principles we normally apply. E.g., MacArthur v. San Juan County, 495 F.3d 1157, 1160-61 (10th Cir.2007) (“[M]ere conclusory allegations with no citations to ... any legal authority for support does not constitute adequate briefing.”). The majority provides no basis or rationale for now permitting Mohawk to pursue this new legal theory on remand — but rather concludes that if the legal issue is considered on the merits, issues of material fact remain.
Moreover, even if we were to ignore our general rules of procedure and overlook the serious deficiencies in Mohawk’s district court opposition brief and the omission of the pass-through claim in the pretrial order, I am not persuaded that the meager facts Mohawk alleged in its district court opposition brief were sufficient to create a genuine issue of material fact *1175 under the new authority it now cites on appeal, i.e., Roof-Techs Int’l, Inc. v. State, 30 Kan.App.2d 1184, 57 P.3d 538 (2002). Under Roof-Techs, so-called “pass-through” or “liquidating” agreements have three basic elements: (1) the imposition of liability upon the subcontractor (Mohawk) for the sub-subcontractor’s (Viking’s) increased costs, thereby providing the subcontractor with a basis for legal action against the general contractor (Law), (2) a liquidation of liability in the amount of the subcontractor’s recovery against the general contractor, and (3) a provision that provides for the “pass-through” of that recovery to the sub-subcontractor. Id. at 551. I fail to see anything in Mohawk’s district court opposition brief that would allow a reasonable jury to find that the first of these elements was satisfied. Although Viking was apparently hoping to partake in any recovery made by Mohawk, there is no allegation that Mohawk agreed to be liable (even absent a successful recovery from Law) for Viking’s increased costs. The best evidence the majority can muster is Kowcheck’s statement that Mohawk “intended” to pass down to Viking “a certain portion” of any proceeds recovered from Law. This statement does not, however, reasonably establish that Mohawk agreed to be liable to Viking for all of the damages it incurred.
In sum, I would limit our remand to encompass only Mohawk’s damage claims, and exclude any consideration of Viking’s alleged damages.