FILED
United States Court of Appeals
Tenth Circuit

January 17, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BILLY JOE BAILEY, JR.,

　　　　Plaintiff-Appellant,

v.

RICK SILVER, previously named as
Rick Silvers; TROY NEWELL,
previously named as Newell; BRIAN
BREWINGTON, previously named as
Brewington; MEGAN DAVIS,
previously named Megan; JANET
SMITH, previously named as Smith;
CITY OF BARTLESVILLE;
WASHINGTON COUNTY,

　　　　Defendants-Appellees.

No. 13-5046
(D.C. No. 4:11-CV-00747-JHP-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Billy Joe Bailey, Jr. ("Bailey") appeals the district court's grant of judgment to the defendants on their respective motions for summary judgment or dismissal based on Bailey's claims brought under 42 U.S.C. § 1983. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

Oklahoma police officer Brian Brewington submitted to a magistrate judge an affidavit for a warrant to search the home where Bailey resided. The judge issued the warrant and Brewington, officer Troy Newell, and several other officers executed the warrant. During execution of the warrant, Newell found Bailey hiding behind clothes in a bedroom closet. Newell instructed Bailey to show his hands and step out, but he did not comply. Newell had been informed prior to the search that Bailey usually carried a gun and, fearing he was armed, pulled Bailey from the closet and tackled him to the ground using a tactic called an "arm bar." Newell planted his knee into Bailey's back while attempting to handcuff him.

After being taken into custody at the Bartlesville City Jail, Bailey began complaining of rib pain. An officer took Bailey to the hospital for an x-ray, which revealed he had three broken ribs. He was given prescription pain medication and was discharged. Back at the jail, Bailey continued to complain of chest pain and reported that he coughed up blood. He was brought to the hospital again for another exam, which confirmed the earlier diagnosis of rib fractures.

Bailey was then booked at the Washington County Jail ("WCJ"). He informed the staff that he had rib fractures and a prescription for pain medication. The staff placed him in a segregated housing unit so they could apparently monitor his condition for his safety. A week later, he was placed in the general population. During his time at WCJ, the prison denied Bailey the use of his prescription pain medication because the doctor with whom the jail contracted did not allow narcotics if there was a reasonable alternative. Bailey was instead given ibuprofen each day to relieve his pain until a later medical exam revealed that his ribs had healed.

Bailey was eventually convicted by a jury of several crimes based on the evidence recovered during the search, including trafficking in illegal drugs and possession of a firearm by a felon. After his conviction was affirmed on direct appeal, Bailey filed a § 1983 lawsuit in federal court pro se. In count one, he alleged that the search warrant was invalid because Brewington and Newell improperly prepared the affidavit using false information. He additionally alleged that the City of Bartlesville did not properly train its officers in preparing probable cause affidavits. In count two, Bailey alleged that Newell used excessive force on him during his arrest in violation of his Fourth Amendment rights. And lastly, in count three, Bailey brought charges of unconstitutionally inadequate medical care against

Megan Davis, the WCJ nurse, Rick Silver, the Washington County Sheriff, and Washington County.[1]

The district court granted summary judgment to defendants Brewington, Newell, Silver, Davis, and the City of Bartlesville, and dismissed the charge against Washington County. The court found that Bailey's claim against Brewington and Newell challenging the validity of the search warrant—the evidence from which led to his convictions—was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a state prisoner may not recover damages if a judgment would necessarily imply the invalidity of his conviction. The court also found there was no evidence the City of Bartlesville engaged in conduct so widespread as to constitute a custom of misconduct. *See Becker v. Bateman*, 709 F.3d 1019, 1025 (10th Cir. 2013) (requiring that a municipal policy or custom be the "moving force" behind the alleged constitutional deprivation).

Regarding count two, the court found that in light of Bailey's initial refusal to come out of the bedroom closet, the knowledge that he may have been armed, and his subsequent resistance, Newell used a reasonable amount of force on Bailey when he arrested and handcuffed him, and was thus entitled to judgment. As to count three, the court dismissed the claim against Washington County because the County does not oversee the operations of the jail and hence Bailey could not adequately allege

---

[1] The claim against named defendant Janet Smith was dismissed without prejudice for failure to effect timely service of process.

that the County was responsible for jail officials. The court granted judgment to Silver because he did not participate in Bailey's medical care and cannot be liable for vicarious liability under § 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Finally, the court granted judgment to Davis because there was simply no evidence she acted with deliberate indifference in providing medical care to Bailey. *See Farmer v. Brennan*, 511 U.S. 825, 829 (1994). Bailey now appeals.

## II. DISCUSSION

We review the district court's grant of summary judgment and grant of a motion to dismiss de novo. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1311 (10th Cir. 2009); *Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191, 1194 (10th Cir. 2008). Under Federal Rule of Appellate Procedure 28(a)(9)(A), an appellant's brief must contain an argument, which itself must include the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Although we liberally construe a pro se litigant's pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we do not act as his attorney in "constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Here, Bailey provides only a factual recitation of the alleged events in his appellate brief. He makes no argument about the district court's judgment and fails to identify a single legal authority suggesting the district court erred. Nor do the

- 5 -

facts he alleges contend—much less demonstrate—that the district court erred. *See MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1160 (10th Cir. 2007) (offering a "flood of factual allegations" that fails to address the issues for review is "simply not adequate"). Because Bailey has failed to comply with Rule 28 or otherwise address the issues for review, we must conclude that he was waived each issue. *See United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995).

The judgment of the district court is affirmed.

Entered for the Court

Wade Brorby
Senior Circuit Judge