**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK MILNER; ROBERT J.
GERHARDT; WILLIAM O. DALE;
VANESSA BARTOO,

      Plaintiffs - Appellants,

v.

VINCENT MARES, Executive Director,
New Mexico Racing Commission; DAVID
KEITER, Steward, New Mexico Racing
Commission,

      Defendants - Appellees.

No. 17-2193
(D.C. Nos. 1:17-CV-00254-KG-LF, 2:17-
CV-0025-KG-LF. 1:17-CV-00256-KG-LF,
2:17-CV-00257-KG-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

Plaintiffs—four race horse owners ("Owners")—sued the executive director of

the New Mexico Racing Commission ("Commission") and a race steward under 42

U.S.C. § 1983, alleging that Defendants deprived them of due process and equal

protection by using a rarely-if-ever enforced racing rule to scratch Owners' horses

immediately before the start of a $1 million horse race. More specifically, Owners

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alleged that Defendants, acting in concert, scratched their horses moments before the race for violating Commission Rule 15.2.5.12(B), the "Breed Certificate Rule," which provided in relevant part that "[a] horse shall be ineligible to start in a race when: . . . B. its breed registration certificate is not on file with the racing secretary or horse identifier . . . " (2014; subsequently amended). On the day in question, Defendants interpreted the Breed Certificate Rule to require that a horse's original breed certificate be on file at a race location on race day. Owners, instead, filed <u>copies</u> of their horses' breed certificates with the racing secretary at Ruidoso Downs; the horses' <u>original</u> breed certificates were on file in Farmington, New Mexico.

Owners had filed copies of their horses' breed certificates at Ruidoso Downs because "[t]he 'original' certificate aspect of the Breed Certificate Rule had not been enforced in recent history when two live races were ongoing," which was the case on that May 2014 weekend. (Aplt. App. 18 ¶¶ 22-23.) Further, Defendants did not enforce this "'original certificate' requirement" "until the third day of [this three-day] Ruidoso Downs race meet." (<u>Id.</u> 19 ¶ 32.) Defendants gave no "notice to impacted owners and trainers" (<u>id.</u> 19-20 ¶ 39), although Commission employees "informally advised certain select owners/trainers that [the Commission] would begin enforcing the implied Breed Certificate Rule during the May 22-24, 201[4] racing event" (<u>id.</u> 20 ¶ 40). In this § 1983 action, Owners alleged that Defendants' actions in scratching their horses deprived Owners of procedural and substantive due process, as well as equal protection of the law under a "class of one" theory.

2

Defendants moved to dismiss Owners' claims under Fed. R. Civ. P. 12(b)(6), asserting qualified immunity. The district court granted that motion. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.[1]

We review the district court's decision de novo, accepting as true all well-pled factual allegations and viewing them in the light most favorable to Owners. See Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018). We disregard any conclusory statements of law. See Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

In order to withstand Defendants' Rule 12(b)(6) motion based on qualified immunity, Owners had the burden of pleading (1) the violation of a constitutional right (2) that was clearly established at the time of the race in May 2014. See Pearson v. Callahan, 555 U.S. 223, 232 (2009); Doe v. Woodard, 912 F.3d 1278, 1289 (10th Cir. 2019). A court can consider these two qualified-immunity inquiries in any order. See Pearson, 555 U.S. at 236. "If the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the

[1] We deny Defendants' request that we dismiss this appeal because of deficiencies in Owners' briefs and appellate appendix. See MacArthur v. San Juan Cty., 495 F.3d 1157, 1161 (10th Cir. 2007) ("[W]here an appellant has provided defective briefs, the court in its discretion may scrutinize the merits of the case insofar as the record permits." (internal quotation marks omitted)). But we will not consider the transcript from the administrative proceeding that Owners included in their appellate appendix, both because that transcript was not before the district court, see Leatherwood v. Allbaugh, 861 F.3d 1034, 1051 (10th Cir. 2017), and because, at the 12(b)(6) stage of litigation, this court, like the district court, is generally limited to considering only Owners' complaints, see Estate of Lockett ex rel. Lockett v. Fallin, 841 F.3d 1098, 1104 n.2 (10th Cir. 2016), and the documents Owners attached to those complaints, see Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018).

defense." Cummings v. Dean, 913 F.3d 1227, 1239 (10th Cir. 2019) (internal quotation marks, alteration omitted) (holding, on the second qualified-immunity prong, that plaintiff failed to allege the violation of a clearly established right without first addressing or assuming that plaintiff alleged a constitutional violation); see also id. at 1242.

Importantly, in order to meet their burden to state claims for the violation of constitutional rights that were clearly established in May 2014, Owners "must 'identify a case where [a state official] acting under similar circumstances . . . was held to have violated'" the constitutional provisions at issue. Doe, 912 F.3d at 1296 (quoting White v. Pauly, 137 S. Ct. 548, 552 (2017)). "Ordinarily" that requires identification of "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Grissom v. Roberts, 902 F.3d 1162, 1168 (10th Cir. 2018) (internal quotation marks, alteration omitted). The Supreme Court has warned against defining clearly established law "at a high level of generality." White, 137 S. Ct. at 552 (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)). Instead, "the clearly established law must be 'particularized' to the facts of the case." Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Although there need not be "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018) (quoting White, 137 S. Ct. at 551). In this way, objectively reasonable state officials in Defendants' position (as Owners allege

4

it) would have known in advance that their actions violated the federal constitutional rights at issue.  See Grissom, 902 F.3d at 1167.

Plaintiffs made no effort, either in the district court or now on appeal, to cite to any Supreme Court or Tenth Circuit case decided before May 2014 that clearly established the constitutional rights they allege Defendants violated.  Nor have we found any factually analogous case that clearly established those rights.  In light of that, we AFFIRM the district court's decision to dismiss this action on the basis of qualified immunity.

Entered for the Court


David M. Ebel
Circuit Judge