**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL WAYNE BAYLESS,

    Defendant - Appellant.

No. 24-7033
(D.C. No. 6:22-CR-00174-RAW-1)
(E.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

A jury found Defendant Daniel Bayless guilty of four counts of Aggravated

Sexual Abuse in Indian Country.  Pursuant to Federal Rule of Evidence 412, the district

court excluded evidence that Defendant's victim, N.A., had made a prior,

"unsubstantiated" allegation of sexual abuse against another man when she was five

years old.  Defendant appeals, arguing exclusion of this evidence violated his Sixth

Amendment right to confront the witnesses against him.  But the Constitution does not

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

require admission of irrelevant or general impeachment evidence like this remote allegation against someone other than Defendant that cannot be proven true or false. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm Defendant's conviction.

N.A. considered Defendant her father. She lived with Defendant's mother, but she and her younger siblings would sometimes spend weekends with Defendant at his residence in Indian Country. Defendant lived with his sister, Kristen, and his stepfather. But Defendant was often alone with the children, and N.A. would commonly sleep with Defendant in his bedroom. From January to December 2020, when N.A. was around nine years old, Defendant sexually abused her. N.A. disclosed the abuse in 2022, telling Kristen first, then Defendant's mother, and finally a friend, whose mother became concerned for N.A.'s safety.

A Federal Grand Jury charged Defendant, an Indian, with four counts of Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(A), (B). Defendant pleaded not guilty. Before trial, Defendant expressed intent to enter evidence relating to a prior allegation of sexual abuse N.A. had made years prior, when she was five years old. At that time, N.A. lived with her mother and stepfather, Daniel Howe. When visiting Defendant's mother, she said, "someone I sleep with puts their hands down my panties." She said it was her stepfather, Howe. The Department of Human Services (DHS) investigated the allegation and interviewed the family and N.A. But during the interview, N.A. denied that her stepfather had ever touched her inappropriately. Instead, N.A. said she thought Kristen touched her on her bottom but that N.A. was asleep when it happened. As N.A.

2

denied that her stepfather had sexually abused her, DHS "UNSUBSTANTIATED" the allegation against him.

The Government moved to exclude evidence relating to N.A.'s prior allegation under Federal Rule of Evidence 412. Rule 412 applies to a civil or criminal proceeding involving alleged sexual misconduct and prohibits the admission of "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). But there are exceptions to Rule 412. Evidence is admissible despite Rule 412(a) if exclusion of the evidence "would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(c). The Government conceded Rule 412 does not extend to evidence of prior false claims. But the Government argued no evidence suggested N.A.'s prior allegation was false, so Rule 412 barred admission of N.A.'s prior allegation. The district court agreed, observing, "[w]hile DHS was not able to substantiate the allegations, there is no evidence within the report that N.A. lied or made any false allegations." The court also concluded exclusion of N.A.'s prior allegation would not violate Defendant's constitutional rights, so the Rule 412(b)(1)(c) exception did not apply. "[O]ut of an abundance of caution," the court allowed the defense to ask N.A. whether anyone had ever influenced her to lie about any sexual abuse allegation. But the court granted the Government's motion to exclude evidence relating to N.A.'s prior allegation.

We review a district court's exclusion of evidence under Rule 412 for abuse of discretion. *United States v. A.S.*, 939 F.3d 1063, 1070 (10th Cir. 2019). "A district

court abuses its discretion only where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling." *Dullmaier v. Xanterra Parks & Resorts*, 883 F.3d 1278, 1295 (10th Cir. 2018). But to the extent Defendant raises a constitutional challenge to the exclusion of evidence, we review the district court's exclusion of that evidence *de novo. A.S.*, 939 F.3d at 1071.

We first address Defendant's reply-brief argument that Rule 412 does not extend to N.A.'s prior "unsubstantiated" allegation. Defendant rightly observes Rule 412 prohibits evidence offered to prove one of two things: 1) "that a victim engaged in other sexual behavior" or 2) "a victim's sexual predisposition." Fed. R. Evid. 412(a). Defendant argues evidence of a prior "unsubstantiated" allegation does not fall into either of those two categories but rather implicates N.A.'s credibility as a witness. Thus, Defendant argues, evidence of N.A.'s prior allegation does not offend Rule 412 because Defendant is not offering the evidence for a prohibited purpose. But Defendant waived this argument by failing to adequately raise it in his opening brief. "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *see also Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019) ("Issues not raised in the opening brief are deemed abandoned or waived." (citation omitted)). An adequate opening brief contains an argument section that identifies "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P.

4

28(a)(8)(A)). This requirement is "designed to facilitate efficient appellate review by allowing one's adversary to respond to focused argument supported by authority." *Burke*, 935 F.3d at 1014 (quoting *MacArthur v. San Juan Cty.*, 495 F.3d 1157, 1160 (10th Cir. 2007)).

Here, Defendant's opening brief fails to clearly assert and support his later raised contention that Rule 412 does not apply to N.A.'s prior allegation. As best we can tell, Defendant's opening brief only mentions the issue in one sentence contained in his summary of argument. Defendant says, "[t]his evidence is not barred by rape shield laws because it pertains to the alleged victim's truthfulness, not her sexual behavior, as clarified in *United States v. Pablo*, 696 F.3d 1280 (10th Cir. 2012)." Aplt's Br. at 6. But this single sentence contained in Defendant's summary of argument and lacking reasoning and analysis is not enough to adequately raise an issue. It is also unclear how the case Defendant cites, without a page number, supports his point, and Defendant does not tell us. The rest of Defendant's brief never clearly addresses the issue, and the Government understandably believed Defendant conceded it. Consequently, Defendant waived any challenge to Rule 412's applicability here. *See A.S.* 939 F.3d at 1072 (assuming Rule 412 applied to evidence of a prior sexual assault allegation that could not be proven true or false where defendant did not challenge Rule 412's applicability on appeal).

Assuming Rule 412 extends to N.A.'s prior allegation, we next consider whether an exception to Rule 412 applies under 412(b)(1)(c) because exclusion of the evidence "would violate the defendant's constitutional rights." Defendant argues excluding

5

evidence of N.A.'s prior allegation violated Defendant's right "to be confronted with the witnesses against him" under the Sixth Amendment's Confrontation Clause. U.S. Const. amend. VI. We review Defendant's constitutional challenge *de novo*. *See A.S.*, 939 F.3d at 1071.

The Confrontation Clause guarantees criminal defendants "'an *opportunity* for effective cross-examination.'" *United States v. Palms*, 21 F.4th 689, 702 (10th Cir. 2021) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). That said, "the right is not limitless. It does not guarantee a defendant the right to cross-examine witnesses 'in whatever way, and to whatever extent, the defense might wish.'" *Id.* (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). More specifically, "[e]vidence adduced by cross-examination concerning prior sexual intercourse may be required to be admitted by Confrontation Clause rights where relevant and probative on a central issue of sexual offense charges." *United States v. Powell*, 226 F.3d 1181, 1198 (10th Cir. 2000). And we have recognized, "the class of cases in which evidence otherwise barred by the rape shield statute has been deemed to be constitutionally compelled is restricted to those which demonstrate a theory of witness bias or motive to lie." *A.S.*, 939 F.3d at 1073 (citation omitted). Most significantly here, "the Constitution does not mandate the admission of irrelevant or general impeachment evidence." *Id.* at 1074.

Defendant only offers evidence of N.A.'s prior allegation as general impeachment evidence, but it serves even that non-constitutionally compelled purpose poorly. Defendant does not argue N.A.'s prior allegation shows bias or motive to lie

6

on the part of N.A.  Nor could he.  N.A. made the allegation against another man when she was five years old, and the incident has nothing to do with Defendant.  Rather than arguing the evidence shows bias or motive to lie, Defendant argues the jury could infer N.A. lied about the prior allegation because DHS "unsubstantiated" the investigation against her stepfather.  In other words, Defendant argues the evidence brings into question N.A.'s general credibility.  But Defendant points to nothing else in the DHS Report to suggest falsity, and he does not otherwise challenge the district court's factual finding that the Report contains no evidence N.A. lied or made any false statement.  It is doubtful this unsubstantiated allegation N.A. made when she was five years old says anything about her character for truthfulness.  But in so far as this evidence constitutes general impeachment evidence, under our precedents it is still not required by the Confrontation Clause.

We AFFIRM Defendant's conviction.

Entered for the Court

Bobby R. Baldock
Circuit Judge