FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

GARY A. AVANT,

Plaintiff - Appellant,

v.

KEN DOKE, individually and in his official capacity as a County Commissioner for Muskogee County,

Defendant - Appellee.

No. 24-7086
(D.C. No. 6:20-CV-00067-RAW)
(E.D. Okla.)

———————————————————

**ORDER AND JUDGMENT***
———————————————————

Before **HOLMES**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
———————————————————

After Gary Avant was terminated from his position with Muskogee County, Oklahoma, he sued County Commissioner Ken Doke under 42 U.S.C. § 1983 claiming First Amendment violations. Two interlocutory appeals followed.[1] On remand, the district court granted summary

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] *See Avant* v. *Doke* (*Avant I*), No. 21-7031, 2022 WL 2255699 (10th Cir. June 23, 2022) (unpublished); *Avant* v. *Doke* (*Avant II*), 104 F.4th 203 (10th Cir. 2024).

judgment to Commissioner Doke. Mr. Avant now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

This appeal has a lengthy and complex procedural background. But the facts are well known to the parties and this court. Accordingly, we begin by recounting only the facts necessary to resolve the appeal before us.[2]

## A

Mr. Avant was a truck driver employed by Muskogee County. Ken Doke, the elected County Commissioner, had authority over Mr. Avant's employment. In 2018, Commissioner Doke ran for reelection. Mr. Avant's wife and son publicly supported Commissioner Doke's opponent. Commissioner Doke heard that Mr. Avant had allegedly made negative statements about a county project and a county employee, and the commissioner ultimately fired Mr. Avant.

Mr. Avant then filed a lawsuit in federal district court under 42 U.S.C. § 1983 against Commissioner Doke in his individual and official capacities.[3]

---

[2] We derive the facts from the motions underlying the appeal, the district court's prior orders, and this court's prior descriptions.

[3] The proceedings sometimes implicate Commissioner Doke in his official capacity, sometimes his individual capacity, and sometimes both. For example, both *Avant I* and *Avant II* center on qualified immunity, which "only insulates defendants sued under § 1983 in their *individual* capacities." *Hulen* v. *Yates*, 322 F.3d 1229, 1236 n.2 (10th Cir. 2003) (per

Mr. Avant claimed Commissioner Doke retaliated against him for exercising his First Amendment right to political association.[4] Commissioner Doke moved for summary judgment, asserting the defense of qualified immunity. The district court granted qualified immunity and, in turn, granted summary judgment against Mr. Avant on the political-association claim.

But the district court did not stop there. Based on arguments made during the summary-judgment briefing, the court believed Mr. Avant was advancing an additional First Amendment claim—unpled in the complaint and distinct from the political-association claim—that Commissioner Doke retaliated against Mr. Avant for exercising his First Amendment right to *free speech*.[5] The district court read this unpled free-speech claim as asserted against Commissioner Doke in both his individual and official

curiam). Here, we do not specify the capacity of the claim against Commissioner Doke unless necessary.

[4] Like the district court, we refer to this claim as the "political association" claim. RII.304. The parties sometimes call this a "political affiliation" claim, but we see no difference relevant to the disposition of this case. In similar circumstances, we have used "political association" and "political affiliation" interchangeably. *See Duda* v. *Elder*, 7 F.4th 899, 912 n.8 (10th Cir. 2021) (discussing "political affiliation (or association) claims" in a similar context).

[5] Like the district court, we refer to this claim as the "free-speech claim."

capacities. To analyze this newly identified free-speech claim, the district court applied the *Garcetti/Pickering* factors relevant to First Amendment retaliation. *See* RII.303 (citing *Trant* v. *Oklahoma*, 754 F.3d 1158, 1165 (10th Cir. 2014)); *see also Garcetti* v. *Ceballos*, 547 U.S. 410 (2006); *Pickering* v. *Bd. of Educ.*, 391 U.S. 563 (1968).[6] Concluding all five factors favored Mr. Avant, the district court denied summary judgment to Commissioner Doke on the free-speech claim. Although Commissioner Doke had never moved for qualified immunity on a free-speech claim, the district court nonetheless ruled any qualified-immunity motion "would be denied."[7] RII.308.

---

[6] Under the five-factor *Garcetti/Pickering* balancing test, we ask "(1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct." *Rock* v. *Levinski*, 791 F.3d 1215, 1219 (10th Cir. 2015) (internal quotation marks omitted).

[7] In a footnote at the end of its order, the district court "belatedly noticed" that Mr. Avant denied even making the statements that allegedly had prompted his firing. RII.309 n.5. The court queried whether "there can be [a] First Amendment cause of action where there was no speech by [a] plaintiff." RII.309 n.5. After receiving supplemental briefing from the parties on that question, the court issued a separate order, where it readopted its ruling denying summary judgment to Commissioner Doke on the free-speech claim.

Commissioner Doke filed an interlocutory appeal challenging the district court's denial of qualified immunity on the free-speech claim. For the first time on appeal, he asserted a defense to First Amendment retaliation claims recognized by the Supreme Court in *Heffernan* v. *City of Paterson*, 578 U.S. 266 (2016). *Heffernan* provides "a narrow affirmative defense to a First Amendment retaliation claim when public employees' political activities are restricted in a neutral and constitutional manner." *Duda* v. *Elder*, 7 F.4th 899, 911 (10th Cir. 2021); *see Heffernan*, 578 U.S. at 275. We vacated the district court's order and remanded for further proceedings. *See Avant* v. *Doke* (*Avant I*), 2022 WL 2255699, at *7 (10th Cir. June 23, 2022) (unpublished). The panel concluded the record and briefing were "underdeveloped" as to the application of *Garcetti/Pickering* to First Amendment claims involving "perceived, not actual, speech." *Id.* at *4–5. The panel also observed, in support of remand, "Commissioner Doke never had a proper opportunity to raise" the *Heffernan* defense in the district court. *Id.* at *5 n.4.

**B**

On remand from *Avant I*, the parties filed cross-motions for summary judgment on the free-speech claim. Relevant here, Commissioner Doke argued he was entitled to qualified immunity and the *Heffernan* defense. RII.403–05. The district court rejected these arguments.

Commissioner Doke appealed again, once more challenging the denial of qualified immunity. We reversed, concluding the law relevant to Mr. Avant's free-speech claim was not "clearly established" and Commissioner Doke was therefore entitled to qualified immunity. *See Avant* v. *Doke* (*Avant II*), 104 F.4th 203, 207–09, 211–12 (10th Cir. 2024). Accordingly, we remanded for the district court to grant summary judgment to Commissioner Doke in his individual capacity on the free-speech claim.

That brings us to the remand proceedings immediately underlying the instant appeal—the third in this litigation.

## C

On remand after *Avant II*, Commissioner Doke filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b), asking the district court to revisit its earlier ruling denying summary judgment to him in his official capacity on the free-speech claim. According to Commissioner Doke, *Avant II* not only determined that he was entitled to qualified immunity in his individual capacity but also suggested the *Heffernan* defense applied, so he "cannot be held liable in his official capacity." RV.1221. On reconsideration, the district court agreed, granting summary judgment to Commissioner Doke in his official capacity and thereby resolving the entire action. The district court entered a final judgment for Commissioner Doke.

6

This timely appeal followed.

## II

"We review the grant of summary judgment de novo, and apply the same legal standard used by the district court under Federal Rule of Civil Procedure 56(c)." *Est. of Beauford* v. *Mesa Cnty.*, 35 F.4th 1248, 1261 (10th Cir. 2022). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Mr. Avant primarily urges reversal on two grounds. But as we will explain, both arguments are waived, so we will not reach the merits.

## A

Mr. Avant first argues the district court erroneously granted summary judgment on his political-association claim. Recall, the court granted qualified immunity and summary judgment to Commissioner Doke on that claim in the court's initial summary-judgment order, before *Avant I*. Commissioner Doke urges affirmance, insisting Mr. Avant "failed to develop arguments . . . on the political association claim" in his opening brief. Resp. Br. at 19. We agree with Commissioner Doke.

"An appellant's opening brief must identify appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Bronson* v. *Swensen*, 500 F.3d 1099,

7

1104 (10th Cir. 2007) (internal quotation marks omitted); *see* Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]"). "Failure to press a point (even if it is mentioned) and to support it with proper argument and authority forfeits it." *Femedeer* v. *Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000) (quoting *Hartmann* v. *Prudential Ins. Co. of Am.*, 9 F.3d 1207, 1212 (7th Cir. 1993)). Put simply, "parties must do more than offer vague and unexplained complaints of error." *Id.* Consistent with these principles, "we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson,* 500 F.3d at 1104.

Mr. Avant's opening brief falls short of these requirements for several reasons. To start, it is not totally clear even what Mr. Avant argues. In his opening brief, Mr. Avant initially contends, "[r]etaliation against a person for a family member's activities is certainly a well-known method of punishing disfavored speech or conduct." Op. Br. at 11 (citing *Owens* v. *Rush*, 654 F.2d 1370, 1379 n.11 (10th Cir. 1981)). But he then seems to switch course, saying, "it is not necessary to reach that issue" on appeal. Op. Br. at 12. He proceeds to argue a reasonable jury could find *his own*

8

political association—not that of his family—was the reason Commissioner Doke fired him.

Whatever the theory underlying his argument as to the political-association claim, Mr. Avant's opening brief does not make clear how the district court erred. "The first task of an appellant is to explain to us why the district court's decision was wrong," and so an appellant who fails "to explain what was wrong with the reasoning that the district court relied on has waived any appellate challenge to the district court's decision." *Coones* v. *Bd. of Cnty. Comm'rs*, 166 F.4th 1, 27 (10th Cir. 2026) (internal quotation marks omitted). Mr. Avant fails to identify whether he is challenging the district court's conclusion as to the political-association claim against Commissioner Doke in his official capacity, his individual capacity, or both. The distinction matters, especially because the district court granted qualified immunity to Commissioner Doke in his individual capacity. Mr. Avant's political-association argument does not even mention the district court's ruling on qualified immunity. Nor does Mr. Avant grapple with—or even identify—the case law or record evidence that he believes led the district court to erroneously grant summary judgment on the political-association claim.

In any event, the arguments Mr. Avant does raise are perfunctory. Mr. Avant devotes several paragraphs to arguing his political-association

claim can survive on the basis of his family's political associations, but he then abandons that argument. *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1183 n.35 (10th Cir. 2023) (explaining "waiver-through-abandonment occurs when a party deliberately considers an issue and makes an intentional decision to forgo it" (internal quotation marks omitted)). As to his contention that a reasonable jury could find his own political association motivated his termination, Mr. Avant devotes only three sentences in the opening brief. Such "[c]ursory discussion on appeal fails to preserve an argument." *Adams* v. *FAA*, 168 F.4th 1271, 1284 n.8 (10th Cir. 2026); *see MacArthur* v. *San Juan Cnty.*, 495 F.3d 1157, 1162 (10th Cir. 2007) ("[T]he two sentences (with no legal citations) devoted to this issue are utterly insufficient to trigger a merits review."). In his reply brief, Mr. Avant attempts to develop this argument. He contends the district court mischaracterized his claim as one of "familial retaliation" when his claim was in fact "a traditional political affiliation claim based on *his* perceived affiliation with [Commissioner] Doke's opponent." Reply Br. at 1. But that argument comes too late, and "[w]e will not address these belated contentions." *McNellis* v. *Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1136 n.11 (10th Cir. 2024); *id.* (explaining we "routinely have declined to consider arguments that are not raised . . . in an appellant's opening brief" (internal quotation marks omitted)).

10

Under these circumstances, we must affirm the district court's grant of summary judgment to Commissioner Doke on the political-association claim.

**B**

Mr. Avant next argues the district court erred in granting summary judgment to Commissioner Doke on the free-speech claim. We conclude Mr. Avant also has waived this argument—albeit for a different reason.

Recall, after *Avant II*, Commissioner Doke moved for the district court to reconsider its denial of summary judgment. Relevant here, he argued that, after *Avant II*, he was entitled to the *Heffernan* defense. Mr. Avant opposed the motion to reconsider, but he did not respond to Commissioner Doke's arguments about *Heffernan*. In reply, Commissioner Doke called out Mr. Avant's silence on *Heffernan*: "Plaintiff did not address or even acknowledge Defendant's argument regarding the *Heffernan* defense in his Response." RV.1241–42. In resolving the motion for reconsideration, the court concluded the *Heffernan* defense applied.[8] The district court also observed Mr. Avant had not made any contrary argument responding to

---

[8] Because we resolve this issue on waiver, we state no opinion on the district court's interpretation of *Avant II* or its holdings about the merits of the *Heffernan* defense.

11

Commissioner Doke's position on *Heffernan*. RV.1248 (pointing out Mr. Avant "d[id] not address [the *Heffernan* defense] in his response").

On appeal, Mr. Avant urges reversal, challenging the grant of summary judgment to Commissioner Doke. In his opening brief, Mr. Avant insists Commissioner Doke cannot avail himself of the *Heffernan* defense because he failed to satisfy each of its elements. *See* Op. Br. at 26–27 (asserting the trial court "ignor[ed] the 'equal application' element of the defense"). Commissioner Doke again urges us not to reach the merits. Mr. Avant "did not oppose the *Heffernan* defense in his response to Doke's motion to reconsider," Commissioner Doke contends, so he has failed to preserve the issue for appellate review. Resp. Br. at 33 (heading capitalization omitted). We agree.

"When a party fails to raise an argument [in the district court], we typically treat the argument as forfeited." *United States* v. *Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). The record confirms that, in his opposition to the Rule 60(b) motion, Mr. Avant did not press the argument he now raises on appeal. Indeed, Mr. Avant did not mention *Heffernan* at all. When an appellant forfeits an argument at the district court, "we will reverse only if the appellant can satisfy our rigorous plain-error test." *Id.* Mr. Avant fails to advance a plain-error argument on appeal. To be sure, in his reply brief,

12

Mr. Avant raises several reasons we should find the issue preserved.[9] But the reply brief still fails to argue plain error. This failure "surely marks the end of the road" for Mr. Avant's *Heffernan* argument. *Alex W.* v. *Poudre Sch. Dist. R-1*, 94 F.4th 1176, 1186 (10th Cir. 2024) (internal quotation marks omitted). Accordingly, we "deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *United States* v. *Bradley*, 97 F.4th 1214, 1221 (10th Cir. 2024) (quoting *Leffler*, 942 F.3d at 1196).[10]

---

[9] Mr. Avant also insists he had "no legitimate reason to simply rehash the arguments he had previously made" urging the district court to reject the *Heffernan* defense. Reply Br. at 9. But Mr. Avant's failure to reprise his *Heffernan* argument during reconsideration deprived Commissioner Doke of the opportunity to meaningfully reply and the district court of the chance to resolve the argument in the first instance. "It is the significant but limited job of our appellate system to correct errors made by the district court in assessing the legal theories presented to it, not to serve as a second-shot forum[.]" *Richison* v. *Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) (internal quotation marks omitted). We have routinely enforced our circuit's forfeiture principles when an appellant "had ample opportunity to present" an argument to the district court but still "failed to do so." *FDIC* v. *Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1171 (10th Cir. 2016); *see Beltran* v. *AuPairCare, Inc.*, 907 F.3d 1240, 1255 (10th Cir. 2018) (finding appellant "forfeited" an argument "by failing to respond to the[] arguments in the district court").

[10] Commissioner Doke urges affirmance on alternative grounds, asking us to affirm because the complaint "has never been amended . . . [so] there is no perceived speech claim properly before the court." Resp. Br. at 33. But his counsel conceded at oral argument that Mr. Doke should have presented this argument as a cross-appeal, which he did not. Oral Arg. at 32:40–:55; *Greenlaw* v. *United States*, 554 U.S. 237, 244 (2008) ("Under that unwritten but longstanding rule, an appellate court may not alter a

## III

We affirm the grant of summary judgment to Commissioner Doke in his official and individual capacities on Mr. Avant's § 1983 claims.

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

judgment to benefit a nonappealing party."). We therefore do not consider this issue.